IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL NO. 02-90 <br> : CIVIL ACTION NO. 07-798 |
| CALVIN DAVIS | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                          **OCTOBER 15, 2007**

Currently before the Court is Petitioner Calvin Davis' ("Davis") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Def's. § 2255 Mot.). Davis raises four contentions in support of his motion: 1) the waiver of his right to file a Section 2255 motion was not knowing and voluntary because the Court did not adequately explain the nature and consequences of waiving this right; 2) the plea agreement was ambiguous and should be construed against the United States; 3) the waiver was the product of ineffective assistance of counsel; 4) his sentence was unconstitutionally imposed. For the reasons set forth below, Davis' motion is denied.

**I. BACKGROUND**

On February 13, 2002, Davis and three co-defendants were indicted on charges of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (count one); distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (counts two and three); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts four, five, seven, eleven); attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846 (count six); possession with intent to distribute cocaine (count twelve); possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1) (counts thirteen and fourteen); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (count fifteen); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (count sixteen); possession of a machine gun in violation of 18 U.S.C. § 922(o) (count seventeen); and money laundering in violation of 18 U.S.C. § 1956(a) (counts eighteen through twenty).

On January 4, 2005, pursuant to a written plea agreement, Davis pled guilty to count one of the Indictment. Under the terms of the agreement, Davis acknowledged that he faced a mandatory minimum of ten years imprisonment and a potential maximum term of life imprisonment, a mandatory minimum of 5 years supervised release up to a maximum lifetime supervised release, a $4,000,000 fine, and $100 special assessment. (Guilty Plea Agreement ¶ 5). The parties further agreed that neither would seek an upward or downward departure from these guidelines, but Davis reserved the right to argue for a lesser criminal history category at sentencing. (Id. at ¶ 7(b)).

Davis also specifically acknowledged that he "[v]oluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. §2255, or any other provision of law." (Guilty Plea Agreement at ¶ 9). However, Davis reserved a right to appeal with regard to the following two claims:

> 1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 5 above; or
>
> 2) the sentencing judge erroneously departed upward from the

      otherwise applicable sentencing guideline range.

(Id.) At Davis' September 2, 2005 sentencing, this Court heard argument on Davis' criminal history category and rejected Davis' argument that his criminal history was overstated. Davis was sentenced to 168 months imprisonment, 5 years of supervised release and a special assessment of $100.00. On September 8, 2005, Davis filed a timely notice of appeal challenging his sentence. The Third Circuit dismissed Davis' appeal on October 19, 2005, granting the United States' motion to enforce the terms of the plea agreement. (No. 05-4161, Oct. 19, 2005). Davis subsequently filed this motion pursuant to 28 U.S.C. § 2255 asking this Court to invalidate his waiver of the right to file a Section 2255 motion and to vacate his sentence.

## II. LEGAL STANDARD

 Davis is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2007). A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V. I. v.

3

Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994).  Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.' " United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); see also Forte, 865 F.2d at 62.

## III. DISCUSSION

### A. Unknowing Waiver of Appellate Rights

Davis first contends that the Court did not adequately advise him of the consequences of waiving his right to appeal, and therefore, his appellate waiver was not knowing, intelligent, and voluntary.  Pursuant to Third Circuit precedent, "waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001); see also United States v. Gwinnett, 483 F3d. 200, 203 (3d Cir. 2007).  In determining whether a particular waiver of appeal is, in fact, knowing and voluntary, the colloquy of the judge imposing sentence is vital.  Khattack, 273 F.3d at 563.  The requirements for such colloquy are governed by Federal Rule of Criminal Procedure 11.  Pursuant to Rule 11:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>> **(N)** the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N).

Thus, a waiver of appeal is valid as long as the Court conducts an on-the-record colloquy with the

defendant, ensuring that the defendant understands the nature and consequences of his waiver. See Khattak, 273 F.3d at 562.

Here, the record demonstrates that this Court complied with the mandates of Rule 11. Not only were the terms of the appellate waiver clearly laid out in the guilty plea agreement, which Davis signed in open court, but the Court amply reviewed the salient terms of the agreement with Davis during the plea hearing. Davis was advised of the statutory maximum and minimum sentences applicable to his offense, a mandatory minimum of ten years imprisonment with the possibility of a maximum term of life in prison. (See Plea Hr'g Tr. 20:8-15, Jan. 4. 2005). When asked if he understood the sentence he was facing, Davis expressly stated that he understood the statutory maximum and minimum sentences to which he could be sentenced. (Plea Hr'g Tr. 19:7-15). Additionally, Davis was present when the attorney for the United States specifically addressed the appellate waiver provision at the plea hearing. While Davis did initially question the provision, upon the Court's inquiry into his understanding, he repeatedly stated that he understood the terms of the appellate waiver provision. (Plea Hr'g Tr. 17:13-25; 18:1-5).

Under these circumstances, this Court finds that Davis entered into the plea agreement knowingly. He was fully apprised of the appellate waiver provision both in the written plea agreement itself and during the guilty plea colloquy. He was given every opportunity to ask questions both of counsel and of the Court concerning anything contained in the plea agreement. Having repeatedly acknowledged that he fully understood the terms of this agreement, he is now bound by the terms of the waiver. See Khattack, 273 F.3d at 563. A review of the record shows that Davis was, in fact, advised of the consequences of waiving his appeal rights, and therefore, the Court finds this contention without merit.

**B. Ambiguity in Plea Agreement**

Davis' second contention is that the plea agreement was ambiguous, and thus, his appellate waiver was invalid. The thrust of Davis' argument here is that the Court failed to explain the difference between paragraph 7(b), which states "[t]he parties agree and stipulate that they will not seek either an upward or a downward departure under the Sentencing Guidelines, except that the defendant may argue that his criminal history is overstated," and paragraph 9, containing the appellate waiver provision. (See Guilty Plea Agreement, ¶¶ 7(b), 9).

The Court agrees with the United States that no ambiguity exists between these two provisions. Paragraph 7(b) addresses arguments to be made at sentencing, while paragraph 9 addresses the availability of post-sentencing remedies. As the provisions are applicable at two completely separate and distinct periods in the process, no explanation is needed as to whether one "supercedes" the other, as Davis contends. (See Def's. §2255 Mot. at 8).

Furthermore, the Court directly addressed the substance of paragraph 7(b) when reviewing the sentencing guidelines at the plea hearing. The Court made clear that it would sentence according to the sentencing guidelines but that it had yet to be determined whether Davis fell into a criminal history category of four or six. Under the terms of the plea, Davis reserved the right to argue that his criminal history was overstated at the time of sentencing. Thus, it was clear that Davis' criminal history category had not yet been determined, and Davis reserved the right to argue for the lowest possible category at sentencing.

In contrast, paragraph 9 addressed the entirely separate issue of appeal. This paragraph stated that Davis was reserving the right to appeal only in the event that he was sentenced outside the guidelines or the judge wrongfully departed upward. Noticeably, paragraph 9 makes no

mention regarding reservation of a right to appeal in the event that Davis did not prevail in arguing an overstatement of his criminal history. Davis is now attempting to convert a right to make a sentencing argument into a right to appeal his ultimate sentence. The terms of the agreement were clearly written and were further explained at the plea hearing. Davis acknowledged that he understood the agreement both on the record and in signing the agreement in open court. Therefore, the Court finds that there was no ambiguity in the plea agreement.

**C. Ineffective Assistance of Counsel**

Davis' third contention is that his appellate waiver was the product of ineffective assistance of counsel. Specifically, Davis contends that defense counsel, Brian McMonagle, was ineffective in that he "[h]ad an incentive to persuade Mr. Davis to waive his rights to file a 2255 motion to avoid exposure of the conflict of interest from the prior representation of Mr. Lively," a government witness. (Def's. § 2255 Mot. at 9). Similarly, Davis also contends that defense counsel, Arnold Joseph, did not understand the appellate waiver provision, and therefore, did not accurately explain it. (Id. at 9-10).

In order to prevail on an ineffective assistance of counsel claim, a defendant must satisfy the requirements of prejudice and deficiency as set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy this test, a defendant must first show that counsel operated "below an objective standard of reasonableness." Id. at 688. Secondly, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In support of his argument, Davis, in both his original Section 2255 motion and in his Response Opposing Government's Motion for Summary Dismissal, asserts that Mr. McMonagle

operated under a conflict of interest created by his prior representation of Travis Lively, and that he "persuaded" Davis to waive his right to file a Section 2255 motion in order to cover up this conflict. This allegation has no merit. Mr. McMonagle openly disclosed his prior representation of Mr. Lively to the Court. There is no evidence that he was motivated to cover up a fact that was already openly known both to the Court and to Davis. Furthermore, any potential problems stemming from this prior representation were eliminated by the fact that Mr. Arnold, not Mr. McMonagle, conducted the cross-examination of Mr. Lively. Therefore, McMonagle's prior representation of Lively could not have led to a less effective cross-examination of this witness, as Davis contends. (Def's. § 2255 Mot. at 13).

Davis' claim of ineffectiveness with regard to Mr. Joseph is similarly baseless. There is no indication anywhere in the record that Mr. Joseph did not understand the terms of the appellate provision. While he did make an argument before the Court of Appeals that he did not read the provision to foreclose Davis from appealing his sentence, there is no indication that his statement was anything more than advocacy for his client's position.

Thus, Davis' claims of ineffectiveness with regard to both McMonagle and Joseph do not meet the requirements for ineffective assistance of counsel as stated in Strickland v. Washington. Davis was not prejudiced by McMonagle's prior representation of Lively, as McMonagle disclosed the prior representation to the Court and did not conduct the cross-examination. Similarly, Davis was not prejudiced by Mr. Joseph's statement before the Court of Appeals. Nothing in the record suggests that Mr. Joseph did not understand the provision. Under these circumstances, it cannot be said that either counsels' performance was deficient, and Davis' claims fail under the requirements of Strickland.

**D. Sentencing Considerations**

Lastly, Davis contends that his sentence was unconstitutionally imposed because the Court relied on "inaccurate information and false assumptions." (Def's. § 2255 Mot. at 10,16). While this claim is somewhat unclear, Davis seems to suggest that the Court violated the rule of Shepard v. United States, 544 U.S. 13, 26 (2005), when it considered the criminal history findings contained in the Presentence Investigation Report in imposing Davis' sentence. (Def's. § 2255 Mot. at 10). Shepard holds that a sentencing court may not consider police reports or complaint applications in determining whether a prior burglary conviction constituted "generic burglary" for purposes of the Armed Career Criminal Act. 544 U.S. at 26. Nothing in the Shepard decision suggests that it would be improper for a sentencing court to consider the findings of the Presentence Investigation Report. In fact, under Federal Rule of Criminal Procedure 32, a sentencing court is specifically authorized to rely on the Presentence Investigation Report in sentencing and must give notice as to any fact not contained in the report on which the court will rely. See Fed. R. Crim. P. 32. Thus, the Court's reliance on the Presentence Investigation Report was proper.

Davis also contests several provisions of the Presentence Investigation Report, itself. He argues that paragraph 33 erroneously stated that he was sentenced to a term of imprisonment when he was sentenced only to probation, that paragraphs 36 and 37 were summary offenses that should not have contributed to his criminal history points, that paragraph 39 was a misdemeanor resulting in a probationary sentence, and that paragraph 41 "was disputed." (Def's. § 2255 Mot. at 18-19).

However, the Court conducted an examination of these findings when defense counsel addressed these same matters at sentencing, and additionally, this disputed information had no

9

affect on his ultimate sentence. Paragraph 33 did, in fact, indicate that the two year prison sentence accompanying the offense had been suspended to three years probation. Further, Davis received no criminal history points whatsoever for the offense listed in paragraph 33. With regard to paragraphs 36 and 37, the United States correctly notes that the theft offenses contained in those paragraphs are not summary offenses and were correctly factored into Davis' criminal history category. As Davis received no criminal points for the offense in paragraph 39, there was no error with regard to that paragraph. Lastly, the Court heard a lengthy argument from defense counsel regarding the "disputed" paragraph 41 and concluded that the assignment of one criminal history point for the firearms offense contained in that paragraph was not an overstatement.

      The Court of Appeals reviewed the circumstances surrounding Davis' waiver and granted the United States' motion to enforce it. This court similarly finds that the waiver was valid. Having considered each of his arguments, Davis' Section 2255 motion is denied in its entirety.

      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 02-90 |
| v. : | CIVIL ACTION NO. 07-798 |
| : | |
| CALVIN DAVIS : | |

## ORDER

**AND NOW**, this 15th day of October, 2007, upon consideration of Petitioner, Calvin Davis', Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 198), and the Response thereto, it is hereby **ORDERED** that the Petition is **DENIED**.

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE